**LeRoy JEFFERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17098.**

United States Court of Appeals Ninth Circuit.

Nov. 1, 1962.

Thomas H. Ludlow, Jr., Corona, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Div., Russell R. Hermann, Asst. U. S. Atty., and M. Newman, Los Angeles, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and ROSS, District Judge.

JERTBERG, Circuit Judge.

Before us is an appeal from a judgment of conviction for violation of the narcotic laws. The indictment is in five counts. Count One charged appellant and one Nolen, and unindicted co-conspirators Juanita Smith, Fred D. Berry and Constance M. Hamlett, with conspiracy to receive, conceal, and facilitate the concealment of cocaine, in violation of 21 U.S. C.A. § 174. Count Two charged one Erwing with selling and facilitating the sale of approximately one teaspoon of cocaine to appellant on or about December 30, 1958. Count Three charged one Erwing with selling and facilitating the sale of approximately one-half teaspoon of cocaine to Juanita Smith on or about December 31, 1958. Count Four charged appellant and one Nolen with receiving and concealing approximately one teaspoon of cocaine on or about December 30, 1958. Count Five charged appellant and one Nolen with receiving and concealing approximately one-half teaspoon of cocaine on or about December 31, 1958.

Following a jury trial, appellant was convicted of the offenses set forth in Counts One, Four and Five. Nolen was acquitted of the conspiracy set forth in Count One and convicted of the offenses set forth in Counts Four and Five. Erwing was convicted of the offenses set forth in Counts Two and Three.

On appeal to this Court, the judgment of conviction of Nolen was reversed on the ground that the evidence was insufficient to have justified the district court in submitting the case to the jury, and the cause was remanded with instructions to dismiss the indictment as to her. On the same appeal, the judgment of

conviction of Erwing was reversed on the ground that the district court committed prejudicial error in the admission of testimony and exhibits relating to a narcotic offense not set forth in the indictment, and the cause was remanded with instructions to grant appellant a new trial. See Erwing v. United States, 296 F.2d 320 (9th Cir. 1961). There was also involved in the above cited case the appeal from a separate judgment of conviction in a separate criminal prosecution against Erwing for violations of 21 U.S. C.A. § 174. That judgment of conviction was likewise reversed on the ground that the district court committed prejudicial error in its instruction to the jury on the element of "possession," and the cause was remanded with instructions to grant Erwing a new trial. We have concluded that the judgment of conviction of appellant must be reversed and the cause remanded to the district court with instructions to grant appellant a new trial for the same reasons and on the same grounds stated in Erwing v. United States, supra, for the reversal and remand of the judgment of conviction of Erwing under the indictment in which he alone was charged with violation of the narcotic laws. Attention is called to the fact that the instruction given in the instant case is identical with the instruction given in the Erwing case. We deem it unnecessary to extend this opinion by repeating what we previously stated in the last mentioned case. We are satisfied that any distinctions between the offenses charged in the two cases or in the positions of appellant and Erwing are not sufficient to cure the vice in the instruction given by the court on the element of "possession."

Since the cause is to be remanded for a new trial, it is unnecessary to pass upon appellant's contention that he was deprived of a fair trial by prejudicial misconduct of government counsel. If on the new trial appellant should be the sole defendant, testimony concerning another offense committed by Erwing and not set forth in the indictment should not be received. If Erwing should be a co-defendant in the new trial and the district court should be of the view that testimony concerning another offense committed by Erwing and not set forth in the indictment is admissible as to him, adequate and proper cautionary instructions should be given that such testimony should not be considered as against appellant.

We find no merit in appellant's contentions that the district court lacked jurisdiction of the cause and that the evidence is insufficient to establish the commission of the offenses set forth in the indictment.

The judgment of conviction is reversed and the cause remanded to the district court with instructions to grant appellant a new trial.